Barnard, P. J.
The sole question in this case, as developed in the trial, was whether the defendant employed the plaintiff. He was its vice-president, and had been accustomed to making certain purchases for the company. His brother was president, and it is alleged employed this plaintiff to continue the services on a salary. He pleaded that he did so, and demanded the compensation. The company denied the employment. The jury found for the plaintiff on this disputed question of fact. There is nothing illegal in the contract, if made. A railroad company may pay its officers without violating any principle of public policy. The fact that the employment was made by a brother of the plaintiff, who happened to be the supreme officer of the ■company at this time, has no relevancy beyond its bearing upon the question before the jury. It probably weakens the evidence; but if true as found by the jury, its force is spent on an appeal. The case of New York Central Insurance Co. v. The National Protection Insurance Co. (14 N. Y., page 85) would apply if the plaintiff bought his own property for the said company under his powers as an officer of the defendant.
The motion should be denied, with ten dollars costs.
Pratt, J., concur.